IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |
|---|---|
| JEREMY WAYNE DAVIS,  )  <br>  ) <br>  Plaintiff,  ) <br>  ) <br> v.  ) <br>  ) <br> BRANDON WATWOOD, ET. AL,  ) <br>  ) <br>  Defendants.  ) <br>  ) | Case No. 1:24-cv-01087-JDB-tmp |

ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE;
DENYING MOTION TO APPOINT COUNSEL,
GRANTING LEAVE TO AMEND CLAIMS IN THE COMPLAINT, AND
DIRECTING CLERK TO MODIFY THE DOCKET

On April 15, 2024, Plaintiff, Jeremy Wayne Davis, Tennessee Department of Corrections ("TDOC") number 538435, filed a *pro se* complaint (the "Complaint") pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 1.) At the time of the filing, Davis was incarcerated at the Northwest Correctional Complex (the "NWCX") in Tiptonville, Tennessee.[1] On May 1, 2024, Davis also filed a motion to appoint counsel. (D.E. 3.) The next day, the Court ordered Davis to comply with 28 U.S.C. § 1915 by filing a proper application to proceed in forma pauperis or paying the civil filing fee. (D.E. 4.) In response, Plaintiff moved on May 17, 2024, to proceed in forma pauperis (D.E. 5), which the Court granted, assessing a $350 civil filing fee (D.E. 6.). Davis's motion to appoint counsel and complaint are before the Court.

---

[1] *See Felony Offender Information*, Tenn. Dep't of Corr., https://foil.app.tn.gov/foil/search_additional.jsp (last visited Nov. 4, 2024).

The complaint is based on an incident that occurred on February 24, 2024, where Davis was assaulted at NWCX. (*See* D.E. 1.) It is liberally construed to assert claims for failure to protect and violation of TDOC policy. (D.E. 1 at PageID 3–6.) Plaintiff sues three Defendants in their official capacities: 1) Brandon Watwood, Warden at NWCX; 2) Jon Walton, Warden of Security at NWCX; and 3) Frank Strada, TDOC Commissioner.[2] (*Id.* at PageID 1–3.) Davis seeks: 1) policy changes prohibiting gang members from being housed with protective custody inmates; 2) policy changes requiring inmates be written up for possessing knives and committing assaults; and 3) damages in the amount of $200,000 from each Defendant. (*Id.* at PageID 5.)

For the reasons set forth below, the Court: (1) DENIES AS MOOT Plaintiff's motion to appoint counsel; (2) DISMISSES his § 1983 Complaint WITHOUT PREJUDICE for failure to state a claim for relief; and (3) GRANTS leave to amend the dismissed claims. Additionally, the Clerk is DIRECTED to modify the docket to add the State of Tennessee as a defendant.

I.  BACKGROUND

For screening purposes, the Court assumes Plaintiff's allegations are true. Davis's six-page handwritten complaint is sparse in its allegations. On February 8, 2024, he alleges that due to threats on his life, an unnamed unit sergeant placed him in pending protective custody. (*Id.* at PageID 4.) On February 18, 2024, Defendants Watwood and Walton sent him back into general population. (*Id.*) Six days later, Davis was assaulted.[3] (*Id.*) As a result, he suffered broken bones, swelling around his heart, and had to be hospitalized. (*Id.*) Davis alleges "[t]he

---

[2] Davis names Frank Strata in the Complaint. The current TDOC Commissioner is Frank Strada. *See Commissioner Frank Strada*, Tenn. Dep't of Corr., https://www.tn.gov/correction/about-us/commissioner-frank-strada.html -:~:text=Frank%20Strada%20was%20appointed%20Commissioner%20of%20the%20Tennessee (last visited Nov. 4, 2024). The Clerk is DIRECTED to modify the docket to correct the spelling of Strata to Strada.

[3] Plaintiff provides no additional information concerning who assaulted him or under what circumstances the assault occurred. (*See* D.E. 1.)

2

[w]ardens" denied him protective custody, allowed violent gang members to run prison units, and directed officers not to write inmates up for knives or fighting. (*Id.* at PageID 3–4.) He claims violations of his Sixth, Eighth, and Fourteenth Amendment rights as well as violation of prison policy. (*Id.* at PageID 3, 5.)

II. SCREENING

    A. LEGAL STANDARD

The Court must screen a prisoner's complaint and dismiss any portion thereof, "if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). In assessing whether the complaint states a claim, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), and in *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those requirements, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether they "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory assertions are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. *Williams*, 631 F.3d at 383 (citation omitted).

However, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases); *see also Brown v. Matauszak*, 415 F. App'x 608, 612–13 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (alteration in original)).

B.  REQUIREMENTS TO STATE A CLAIM UNDER § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) (citations omitted).

III.  ANALYSIS

The official capacity claims in the complaint are treated as claims against the TDOC, where Defendants Watwood and Walter are employed. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citation omitted). Such claims will be construed as against the State of Tennessee. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). Davis also alleges that Strada is employed by the State of Tennessee. (D.E. 1 at PageID 3.)

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987) (citations omitted); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Emps. V. Mo. Pub. Health & Welfare Dep't*, 411 U.S. 279, 280 (1973)); *see also Va. Office for Prot. & Advoc. v. Stewart*, 563

4

U.S. 247, 253-54 (2011) (citation omitted) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State" (footnote omitted)). Tennessee has not waived its sovereign immunity and therefore may not be sued for damages. *See* Tenn. Code Ann. § 20-13-102(a). A state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citation omitted); *Will*, 491 U.S. at 71.

Davis does not state a claim for relief against Defendants in their official capacities or the State of Tennessee. For the reasons explained above, the complaint's claims against (a) the Defendants in their official capacities and (b) the State of Tennessee are DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief.

IV.   AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a sua sponte dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. Rhode Island*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded" (citations omitted)). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every sua sponte dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a sua sponte dismissal may

stand." (citations omitted)); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). The Court grants leave to amend the complaint under the conditions set forth below.

V.   CONCLUSION

For the reasons set forth above:

A.   The complaint is DISMISSED WITHOUT PREJUDICE in its entirety for failure to allege facts stating a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2);

B.   Leave to amend the complaint is GRANTED. Amended claims must be filed within twenty-one (21) days of the date of this order. An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule Eight's requirement of a short and plain statement of the claims. An amended complaint supersedes the complaint and must be complete in itself without reference to the prior pleadings. Davis must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Davis fails to file an amended complaint within the time specified, the Court will dismiss the complaint with prejudice and enter judgment. For § 1915(g) analysis, the Court

    recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of 28 U.S.C. § 1915(g) prevents a court from granting in forma pauperis status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g).;

C.    Because the Complaint is being dismissed, Davis's motion to appoint counsel is DENIED AS MOOT, subject to Davis's right to re-file if the case proceeds; and

D.    If Davis is transferred to a different prison, released, or changes his address, he is ORDERED to notify the Court immediately, in writing, of his current address. If Davis fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED this 4th day of November 2024.

                                            s/J. DANIEL BREEN
                                            UNITED STATES DISTRICT JUDGE